THE BREWER & HOFFMAN BREWING Co., impleaded, etc.

*v.*

JOHN T. BODDIE.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. APPEALS AND ERRORS—*errors not specified in motion for new trial are waived.* Assignments of error which were not specified or claimed in the motion for a new trial will be regarded as waived.

2. SAME—*supposed erroneous rulings upon testimony must be pointed out in the brief.* General assignments of error that the court ruled improperly upon the admission and exclusion of testimony will not be considered on appeal, where counsel in their briefs fail to call specific attention to such supposed erroneous ruling.

3. SAME—*oral announcement of court in presence of jury as to instruction—when not error.* That the court, before giving a written instruction directing the jury to find for plaintiff, orally announced, in the presence of the jury, that it would give such an instruction, is not available error, where no exception was taken to the instruction so given.

*Brewer & Hoffman Brewing Co.* v. *Boddie,* 59 Ill. App. 45, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

RUNYAN & RUNYAN, for appellant.

WOOLFOLK & BROWNING, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a suit brought on a lease for the recovery of rents. The issues formed were submitted to a jury. At the close of the evidence the court instructed the jury, in writing, "to find the issues for the plaintiff in this case and assess the plaintiff's damages at $1305." The jury returned a verdict in conformity with this instruction. The judgment rendered thereon was afterwards affirmed by the Appellate Court.

The assignments of error are six in number. The motion that was filed for a new trial specified only the first three of them. The other three—that is, that the verdict should have been for the defendant, that the verdict and judgment rendered thereon were contrary to the law and the evidence, and that the verdict and judgment are excessive—present, if they are well claimed, grounds that would call for the awarding of a new trial. Not having been specified or claimed, however, in the motion for a new trial, they must be regarded as having been waived. *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104.

The first three assignments of error are: That the court permitted improper testimony to go to the jury on the part of the plaintiff; that the court refused to admit proper testimony offered by the defendant; and that the court erred in stating in the presence of the jury, before the arguments were made to them, that he would instruct the jury to find for the plaintiff, etc.

Counsel, in their briefs, do not call our attention to any supposed erroneous rulings of the trial court in the admission or exclusion of testimony. We do not know of what particular rulings they complain, and cannot, therefore, say the court erred in that regard.

No complaint is made of the written instruction directing the jury to find for the plaintiff, and no exception was taken to the giving of it. It is, consequently, wholly immaterial that the court, immediately before the giving of said instruction, announced orally to counsel, in the presence of the jury, that he would give such an instruction. This assignment of error is therefore not well made.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*