## W. C. Prather v. Joseph Russell.

1.  Waiver—*Of Exceptions Taken to Rulings of the Court.*—Where exceptions are taken to the rulings of the court as to the admission and exclusion of evidence on the trial, as appears from the bill of exceptions, but there is no allusion to them by counsel in his brief, the court will indulge in the presumption that all objections and exceptions to such rulings are waived.

2.  Verdicts—*On Conflicting Evidence.*—Where the jury sees and hears the witnesses testify in open court, their opportunities for determining with whom the truth rests are much greater than the Appellate Court can be from a simple examination of the record, and where there is no claim that the verdict is tainted with prejudice, partiality or passion, it will be allowed to stand.

Assumpsit, for money paid, etc. Trial in the County Court of Cumberland County; the Hon. Gesham Monohon, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898. Rehearing denied November 29, 1898.

S. S. Whitehead, attorney for appellant.

L. N. Brewer, attorney for appellee.

Mr. Justice Glenn delivered the opinion of the court.
This suit was brought by appellee to recover money paid

by him to appellant on a cause of action that had been satisfied. The case was tried before a justice of peace with a jury, and a verdict was rendered in favor of appellee for $132. An appeal was prosecuted to the County Court, where another trial by a jury was had and a verdict rendered against the appellant for $125, and judgment was entered upon the verdict.

' There was but one instruction asked and given on behalf of appellee. Appellant's counsel indulge in some criticism of this instruction which does not seem to be well taken. The instruction announces the simple and familiar rule that the plaintiff must make out his case by a preponderance of the evidence before he can recover.

There were many objections made and exceptions taken to rulings of the court as to the admission and exclusion of evidence in the trial in the County Court, by appellant, as appears from the bill of exceptions, but there is no allusion to them by counsel for appellant in his brief, so we may rightfully indulge in the presumption that all objections and exceptions to such rulings are waived. Strodtman v. Menard Co., 158 Ill. 155; Brewer & Hoffman Brewing Co. v. Boddie, 162 Ill. 346.

On behalf of appellee one instruction was asked and given; on behalf of appellant twenty-five instructions were asked and given. On the issues of fact there was a conflict in the evidence. The jury saw and heard the witnesses testify in open court. Their opportunities for determining with whom the truth rested were much greater than ours can be from the simple examination of the record, and as there is no intimation that the verdict is tainted with prejudice, partiality or passion, it should be allowed to stand.

We are of opinion the judgment of the County Court should be affirmed.