## B. F. Richardson v. Joseph Benes.

### Gen. No. 4,377.

1. BOOK ACCOUNTS—*when, competent.* A book account contained in a so-called ledger is competent where it appears that such book was kept by an agent of the party introducing the same, that the entries therein were made by such party at the time the transactions were had, that such entries were just and true and were made in the regular course of business, and that the book was one of original entry.

2. WRITTEN MOTION FOR NEW TRIAL—*waiver by.* Where a written motion for a new trial, specifying the grounds relied upon, is filed, all grounds not therein specified are deemed waived.

3. NEWLY DISCOVERED EVIDENCE—*when application for new trial by reason of, deemed abandoned.* An application for a new trial upon the ground of newly discovered evidence is deemed to have been abandoned where there has been no showing made, by affidavit or otherwise, concerning such alleged newly discovered evidence, and the point is not raised in the appellant's brief.

Action of assumpsit. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES B. GARNSEY, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

H. L. RICHARDSON and W. H. SAVARY, for appellant.

W. J. BROCK, for appellee.

Richardson v. Benes.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action of assumpsit, to recover a balance due on a book account, for meats sold by appellee to appellant. A verdict for $485 was rendered against appellant, on which judgment was rendered, to reverse which this appeal is prosecuted.

Appellant was proprietor of a boarding house in Kankakee between June 24, 1900, and November 14, 1902, and this suit is brought to recover for meat sold and delivered to appellant between these dates. The method of doing business between the parties, as shown by the evidence, was to charge the items on a book, kept by the wife of appellee in the shop, called by the parties a ledger. Mrs. Benes was not a bookkeeper, but she had a method of keeping the accounts which, when explained by her testimony, rendered them intelligible to any ordinary mind. She adopted a system of abbreviations, such as "B," for beef " P" for pork, "V" for veal, "H" for hams, "Chi" for chickens, and various other characters and signs which she understood, but which might not be correctly read without her explanations. Appellant objected to the book being offered in evidence, which was overruled in part and sustained as to certain items. There was what is called a day book kept in the shop also, on which certain items were charged and afterwards transferred to this so-called ledger; all of these day books, except one, had been mislaid or destroyed; one was offered in evidence without objection. According to the evidence, appellant would sometimes pay cash for his purchases, sometimes he would make a purchase and request that it should not go on the book, and promise to pay for the purchase during the day, or within a short time. In such cases the items were put on the day book, and if he paid, it was simply marked "Paid" on the day book, and that would be the end of the transaction; if, however, he failed to pay, which sometimes was the case, the amount was finally charged in a lump sum on the ledger. If he came in and paid after the transfer, then a line was simply drawn through the items on the ledger

and the amount was considered as though it had never been
on the books. The objection to the book was that it was
not a book of original entries, and that the proper founda-
tion was not laid. The last objection includes the first;
the court held that the book was admissible except as to
items transferred from day book. In this there was no
error. Mrs. Benes had testified that she kept this book;
that she made the entries there as the agent of her hus-
band, at the time the transactions were had; that the same
were just and true; that the entries were made in the regu-
lar course of business, and that it was a book of original
entries, except as to a few items transferred from the day
book. This is all the common law or our statute (Hurd's
R. S. 1903, chap. 51, sec. 3) required. House v. Beak, 141
Ill. 290, and cases there cited.

It is contended the verdict is not supported by the evi-
dence. We have examined the evidence and find that the
verdict is not only supported, but so clearly does the evi-
dence preponderate in favor of appellee that had the
verdict been against him it should have been set aside
because against the clear weight of the evidence. Appel-
lant makes a pretense of having paid all he owed on June
15, 1901, except $1.75, and offers a bill in evidence of that
date for $11.75, with a credit of $10, leaving a balance of
$1.75. This is one of the "day book items," which was
not to go on the book because it was to be paid soon. The
payment, however, was short $1.75. When he paid the
$10, he took this bill, and now makes the claim that $1.75
represented all his indebtedness on June 15, 1901, yet it is
conclusively shown that on June 17, 1901, he made a pay-
ment of $200 on his ledger account and promised to pay
the balance. His only explanation of this is that there was
a mistake made in the dates of the $200 receipt, but he
is unable to show when the receipt should have been
dated. The credibility of appellant as a witness was cer-
tainly very much shaken by this and other inconsistent
positions, which his cross-examination placed him in, and
it is not surprising that the jury believed Mrs. Benes, cor-

roborated by the books, rather than the appellant, who is discredited by his own admissions. There is abundant proof to support a finding for appellee, respecting the items as to which the account book was excluded. Mrs. Benes testified to a personal knowledge of these items, and besides, as to one item, the day book was produced in evidence.

Appellant makes complaint of instructions numbered 3, 5 and 11 given for appellee.

Appellant filed a written motion for a new trial, specifying the points relied on to support such motion. The points in the motion for a new trial briefly stated are : " (1) The court admitted improper evidence. (2) The verdict is against the law and the evidence. (3) Newly discovered evidence." Under this motion, no question can be raised here as to instructions. When appellant filed his motion for a new trial, specifying the grounds upon which he relied, he waived all other points, and he cannot raise them for the first time in this court. Ottawa, Oswego & Fox River Valley Railroad v. McMath, 91 Ill. 104; Consolidated Coal Co. v. Schaefer, 135 Ill. 210; Hintz v. Graupner, 138 Ill. 158; Brewer Co. v. Boddie, 162 Ill. 346; West Chicago St. Ry. Co. v. Krueger, 168 Ill. 586; Bromley v. People, 150 Ill. 297; Landt v. McCullough, 206 Ill. 214. There is no showing made whatever, by affidavit or otherwise, concerning the alleged newly discovered evidence, and the point is not urged in appellant's brief; this point must be regarded as abandoned in this court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*