### Robert Porter v. T. J. Look.

#### Gen. No. 4,500.

1. VERDICT—*when not disturbed.* A verdict will not be set aside as
against the weight of the evidence unless it is clearly and palpably so.

Action of replevin. Appeal from the County Court of Kankakee
County; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in
this court at the April term, 1905. Affirmed. Opinion filed August 1,
1905.

DANIEL H. PADDOCK, for appellant.

· DONOVAN & SHIELDS and GRANGER & GRANGER, for ap-
pellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This was a replevin suit brought by plaintiff, appellant
here, against defendant, appellee, in a justice's court to re-
cover a pair of fly nets worth $2.50. The nets were not
found by the officer having the writ and the suit proceeded
as an action of trover, resulting in a judgment for plaintiff
in the justice's court for $2.50, from which defendant ap-
pealed to the County Court of Kankakee County. A trial
by jury there resulted in a verdict and judgment for de-
fendant, from which plaintiff appeals to this court. The
principal complaint of appellant here is, that the verdict is
contrary to and not sustained by the evidence. On the
29th of January, 1903, William J. Porter, son of appellant,
had a public sale at which, among other property, two
pairs of fly nets were sold. One pair had been used a

Porter v. Look.

couple of seasons; the other one, one season or part of a season. Appellant bought one pair of the nets and appellee the other. At the time they were sold, one pair was on a fence running north and south, the other on a fence running east and west. There is no dispute that appellant bought the nets on the east and west fence and appellee those on the north and south fence. When the nets appellee bought were struck off to him, he took them off the fence and placed them under a tree near the house. When appellant bought his, he took them off the fence and carried them into the summer kitchen. The day following the sale, appellant went to get his nets and found the older pair lying under the tree, and none in the summer kitchen. Thereupon he claimed appellee had taken his nets and demanded them, and upon appellee refusing to give them up, brought this suit in replevin. Each party claims to have bought the newer pair of nets. It would serve no useful purpose to set out in detail the testimony of the witnesses on the respective sides of the case. It is sufficient to say that a careful reading of it convinces us that we would not be justified in reversing this judgment on the ground that it is contrary to the evidence. Appellant supported his claim that the new nets were on the east and west fence and that he bought them, by the positive testimony of himself and two sons and by corroborative facts and circumstances testified to by other witnesses. Appellee supported his claim that the new nets were on the north and south fence and that he bought them, by the positive and corroborative testimony of an equal or greater number of witnesses. In such a conflict of testimony it was the province of the jury and trial court, who saw and heard the witnesses testify, to determine its weight and value. They were in a much better position to determine the credibility of the witnesses than we are, and we would not be justified in disturbing the verdict and judgment unless we could say that they are palpably contrary to the weight of the testimony. This we cannot say. It is insisted the trial court erred in refusing to admit in evidence a string claimed to have been

taken from the newer net sometime before the sale, and also nets produced on the trial. We have examined the question and are of opinion the trial court correctly ruled in refusing to admit this testimony.

One of the grounds of the motion of appellant for a new trial was, because of newly discovered evidence, but this question is not discussed in appellant's brief and argument and is therefore waived.

The judgment is affirmed.

*Affirmed.*