Shea Therese Meyer, a Minor, etc., Plaintiff-Appellant,
v. Henry Povilat, et al., Defendants-Appellees.

Term No. 58–O–6.

Fourth District.
January 31, 1959.
Released for publication February 18, 1959.

Baker, Kagy & Wagner, of East St. Louis (John M.
Ferguson, Bernard H. Bertrand, and Francis D. Con-
ner, of counsel) for plaintiff-appellant.

James H. Parsons, Jr., of Edwardsville, and C. R.
Brady, and Brady, Donovan and Hatch, all of East St.
Louis, for defendants-appellees.

JUDGE SCHEINEMAN delivered the opinion of the court.

This is the second time this case has been on review in this court. The first was by defendants on leave to appeal from an order granting a new trial, which order was reversed. The trial court has now entered judgment on the original verdict for defendants pursuant to the mandate, and the plaintiff appeals and again urges that a new trial should be granted. On the prior appeal the plaintiff presented and argued only one point in support of the motion for a new trial, and now seeks to present other grounds stated in the motion.

When leave to appeal from an order granting a new trial is obtained, the argument is not restricted to the grounds mentioned by the trial court. "In determining the propriety of the ruling of the trial court on a motion for new trial, the reasons given by the trial court for its action are immaterial. The reviewing court is not limited by such reasons in its consideration of the matter, and the ruling of the trial court granting a new trial can be sustained in the reviewing court on all grounds urged in the lower court in support of the motion even though the trial judge did not state all those grounds as the basis for his decision." 2 I. L. P., Appeal and Error, Sec. 633, with citations.

On the first appeal, plaintiff chose to confine the argument to the one point mentioned in the ruling of the trial court, hence this court would naturally assume that all other grounds preserved by the record were waived. This is the rule in this state. Porter v. Look, 122 Ill. App. 192; Richardson v. Benes, 115 Ill. App. 532.

Plaintiff seems to contend that this principle has been discarded by the decision of Kavanaugh v. Washburn, 387 Ill. 204. That case was concerned with the

280

proper form of mandate when an order for a new trial is reversed, and held that "The rights of the parties as to other motions or other appropriate action that may follow the overruling of a motion for a new trial should not be foreclosed." Plaintiff does not, on this appeal, suggest that there is any other motion or other appropriate action plaintiff desires to take *following* the overruling of the motion for new trial. The sole attempt is to reargue the motion for new trial.

The cited case is long and complicated. Indeed, the court remarks of its own decision: "It may be granted that the course of procedure charted by this opinion is involved and confusing." However, we have carefully examined the whole opinion and find nothing therein to support the idea that, when this court reverses an order for new trial, the lower court is free to disregard that decision. If other appropriate action is taken after the motion for new trial is denied, and the subsequent appeal includes the same questions decided before, this is not ground to *dismiss the appeal*. But this is not the same as saying that definite decisions on the prior appeal are no longer the law of the case.

Piecemeal appeals are banned as a general rule of practice. 5 B CJS Sec. 1821, App. & Error. In Commissioner's of Lincoln Park v. Schmidt, 379 Ill. 130, 39 N.E.2d 1012, the court had a situation quite similar to this case: plaintiff had obtained an order for a new trial, from which defendant appealed by leave of court; the order was reversed and the cause remanded; after judgment was entered on the verdict the plaintiff appealed and the court considered arguments as to the right to interest on the verdict, but declined to consider (or re-consider) the propriety of the order for new trial, citing a number of precedents and including the following quotation from an earlier case:

"Where a case has been heard in the trial court, reviewed in this court, and remanded to the trial court

281

with directions as to the decree it shall enter, on a subsequent appeal to this court errors cannot be assigned for any cause that existed prior to the former decision of this court."

The foregoing principles are regularly applied where, on a prior appeal, an order for new trial was reversed. 3 Am. Jur. Appeal & Error, Sec. 829, New Trial. It is a phase of the general rule that, when litigation is presented to a reviewing court, all questions which were open to consideration and could have been presented relating to the same subject matter are deemed disposed of whether or not they were actually presented. Oak Park, Village of v. Swigart, 266 Ill. 60; Bell & Howell v. Spoor, 225 Ill. App. 256; Lusk v. City of Chicago, 211 Ill. 183.

For the reasons given, plaintiff cannot, on this second appeal, again be heard as to the propriety of the order which was reversed on the prior appeal.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.