Charles S. Handelman and Henry Goldberg, d/b/a Garden City Properties, Appellees, v. Arnold A. Schwartz, Appellant.

Gen. No. 47,701.

First District, Third Division.

December 9, 1959.

Released for publication January 29, 1960.

Collen, Kessler, and Kadison, of Chicago (Mark A. Greenhouse, of counsel) for appellant.

Herman L. Aaron, of Chicago, for appellees.

JUSTICE BURKE delivered the opinion of the court.

Plaintiffs' action for damages for $5,500 for conversion of chattels, and defendant's counterclaim for $1,043.93 resulted in a verdict in favor of plaintiffs in the action and the counterclaim with damages assessed at $45,000. The court denied plaintiffs' motion to correct the verdict to read "$4,500.00" and granted defendant's motion for a new trial on the ground that the damages assessed by the jury were manifestly excessive and could not have been based on the evidence. Plaintiffs' petition for leave to appeal from the order granting the new trial was allowed. We held that it

was the duty of the court to amend the verdict in accordance with the manifest intent of the jury to award plaintiffs' damages in the amount of $4,500, reversed the order granting a new trial and remanded the cause with directions to proceed in a manner consistent with the views expressed. 17 Ill.App.2d 101.

On October 27, 1958, the trial court vacated the order granting defendant a new trial, denied the motion for a new trial, amended the verdict to read $4,500, entered judgment on the verdict in favor of plaintiffs and against defendant for $4,500 and a further judgment that defendant take nothing by his counterclaim, and that plaintiffs recover their costs against defendant. On November 3, 1958, defendant filed a motion for a judgment *non obstante veredicto* on the ground (1) that the judgment should not have been had as a matter of law, plaintiff having failed to prove a conversion and (2) that the verdict was against the manifest weight of the evidence. On December 5, 1958, the court denied defendant's motion for judgment *non obstante veredicto*. Thereupon defendant appealed from the "final order" of "October 23, 1958," entering judgment for the plaintiffs and against the defendant in the sum of $4,500. We assume that the defendant intends to appeal from the judgment order entered on October 27, 1958, which was finalized by the order of December 5, 1958. The notice of appeal does not purport to appeal from the judgment on the counterclaim against the defendant and in favor of the plaintiffs.

The points now urged by the defendant are (1) that as no conversion was proven the cause should not have gone to the jury; (2) that there was no proof that the defendant removed the chattels with the intent of taking them from the plaintiffs or that he exercised dominion over the chattels for the benefit of himself or some other person; and (3) that the verdict was not in accordance with the evidence and

"is at best a compromise verdict." Plaintiffs assert that defendant may not urge any grounds available to him in the previous appeal and that he cannot assert any new grounds for reversal which were open to consideration and could have been presented for consideration on the previous appeal.

The record shows that following the verdict the defendant filed a written motion for a judgment *non obstante veredicto*, or in the alternative for a new trial on the grounds (1) that the finding of the jury was against the manifest weight of the evidence; (2) that as a matter of law there was no conversion proved; (3) that the court erred in allowing into evidence the order of the District Court of the United States in bankruptcy proceedings; and (4) that the damages assessed were manifestly excessive and could not have been based upon the evidence. The court did not rule on the motion for a judgment notwithstanding the verdict, but allowed the motion for a new trial, which resulted in the previous appeal. At the time the court was considering the post-trial motion he inquired of the attorney for the defendant whether he would withdraw his motion for judgment notwithstanding the verdict and received the answer: "Yes, I will withdraw it." (Rec. 253).

 Section 68.1 of the Civil Practice Act [Ill Rev Stats, c 110 § 68.1] provides that relief desired after trial in jury cases for judgment notwithstanding the verdict, in arrest of judgment or for a new trial must be sought in a single post-trial motion which must contain the points relied upon, particularly specifying the grounds in support thereof and must state the relief desired. Relief sought may be in the alternative. A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion. The trial court is required to rule upon all relief sought

402

in all post-trial motions. In the instant case the trial judge allowed the motion for a new trial. In view of the statement of the attorney for the defendant that he withdrew his motion for judgment notwithstanding the verdict, the trial judge was not required to rule on that motion. In the previous appeal the only point urged by the defendant was that the trial court had no power to correct the verdict. In that appeal the defendant had the right to urge any point in the record not waived in support of the order for a new trial. Since the defendant chose to argue only one point, all other points were waived. Our decision on the prior appeal is the law of the case. Piecemeal appeals are banned as a general rule of practice. When litigation is presented to a reviewing court, all questions which were open to consideration and could have been presented relating to the same subject matter are deemed disposed of, whether or not they were actually presented. We are of the opinion that the views expressed in Meyer v. Povilat, 20 Ill.App.2d, 279; 156 N.E.2d 4, are applicable to the case at bar.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.