**Milton A. Lundstrom, Plaintiff-Appellant, v. Winnebago Newspapers, Inc., a Delaware Corporation, Defendant-Appellee.**

**Gen. No. 11,673.**

Second District, First Division.
July 12, 1963.
Rehearing denied September 19, 1963.

LaVerne E. Anderson, of Rockford, and Askow, Stevens and Hardy, of Chicago, for appellant.

Miller, Thomas, Hickey & Collins, of Rockford (L. C. Miller and Francis E. Hickey, of counsel) for appellee.

McNEAL, PJ.

On January 21, 1959, Milton A. Lundstrom filed his two count complaint in the District Court of the United States for the Northern District of Illinois, Western

Division, against Winnebago Newspapers, Inc., a Delaware corporation, and several individual defendants. By the first count plaintiff sought to recover damages resulting to him by reason of the publication of an alleged libelous article in the Rockford Morning Star, published by the defendants, on January 23, 1958, and by the second count he sought a recovery by reason of another alleged libelous article appearing in the same newspaper on January 25, 1958.

On February 4, 1959 a two count complaint was filed in the Circuit Court of Winnebago County. The first count alleged the same cause of action which was set forth in count one of the complaint filed in the Federal Court, and the second count alleged the same cause of action which was set forth in count two of the complaint filed in the Federal Court.

On March 22, 1959 the United States District Court entered an order finding that defendant corporation was a citizen of the State of Illinois within the meaning of USC Title 28, sec 1332 and therefore the requisite diversity of citizenship did not exist, and dismissed the cause of action.

In the proceeding pending in the Circuit Court of Winnebago County, the defendants filed their several motions to dismiss, which were sustained, and from an appropriate final order of dismissal an appeal was prosecuted to this court, resulting in an affirmance of that judgment. Lundstrom v. Winnebago Newspapers, Inc., 27 Ill App2d 128, 169 NE2d 369.

Thereafter the instant complaint, also consisting of two counts, was filed in the Circuit Court of Winnebago County, directed only against Winnebago Newspapers, Inc. The first count among other things charged that defendant was the publisher of the Rockford Morning Star, a newspaper of general circulation in and about the City of Rockford; that on January 23, 1958 the defendant, maliciously intending to injure the plaintiff in his good name and reputation, published a false and defamatory charge of and con-

308

cerning the plaintiff, "that in his capacity of Liquor Commissioner he had acted in complicity in the acceptance of a bribe." The article referred to reads:

### "WHO GOT $7,000 IN BAR DEAL?"

(Underneath this headline appeared three cuts, one from a photograph of the plaintiff, one from a photograph of Carl Calacurcio, and the other from a photograph of Carroll H. Johnson. Below these newspaper cuts appeared the following:)

"Carl Calacurcio, left photo, 604–15th Ave., testified before the city liquor commission Wednesday afternoon that he received $7000 from James E. Virgili for a city liquor license after Calacurcio took Virgili to the office of former Mayor Milton A. Lundstrom, center photo, last April and arranged for Virgili to receive a license which had been surrendered by the Ken-Rock Legion post. Calacurcio testified that he retained $850 of the money and gave $5800 to Carroll H. Johnson, right photo, who then was serving as a member of the city zoning board. Johnson, under oath, denied that he received the money."

Count two of this complaint alleged that the defendant, intending to injure the good name and reputation of the plaintiff, published in the Rockford Morning Star, on January 25, 1958, the following false and defamatory matter of and concerning the plaintiff, "that in his capacity of Liquor Commissioner he had acted in complicity in the acceptance of a bribe." This article appeared on the front page of the newspaper with these headlines:

### "LUNDSTROM ISSUED MYSTERY LICENSE ILLEGALLY: Collins"

"Former Mayor Milton A. Lundstrom had no authority to issue a city liquor license last April

17 to James F. Virgili, who says he paid $7000 for a Class A license after Ken-Rock Legion Post had surrendered a Class D license to Lundstrom."

On May 15, 1959 defendant filed its motion to strike and dismiss complaint, setting up among other grounds that both counts were substantially insufficient in law because the publications complained of were not libelous per se in that the articles did not identify the plaintiff or impute to him any offense; that the publications complained of did not identify plaintiff as having paid or received or offered to pay or receive anything of value in connection with the issuance of a liquor license but specifically identified the persons who had paid or received money in regard to the receiving and surrendering of a liquor license; and also that the action was barred by the one-year statute of limitations, Ill Rev Stats 1959, c 83, § 14. It was argued on behalf of the plaintiff that Section 24-A of Chapter 83 extended the period of limitation. The trial court held otherwise and dismissed the complaint. Upon appeal to this court it was held that if plaintiff is nonsuited and the time limited for bringing an action expired during the pendency of the action, the nonsuited plaintiff in the Federal District Court is entitled to relief. Accordingly the judgment of the trial court was reversed and the cause remanded with directions to overrule defendant's motion to strike and dismiss plaintiff's complaint. Lundstrom v. Winnebago Newspapers, Inc., 32 Ill App2d 266, 177 NE2d 643.

Upon the case being reinstated in the Circuit Court of Winnebago County, that court on January 5, 1962 entered an order in obedience to the mandate of this court, overruling the pending motion of defendant to strike and dismiss. Thereafter on January 22, 1962 Rockford Newspapers, Inc., formerly Winnebago Newspapers, Inc., filed its motion to strike and dis-

miss complaint, setting up among other grounds that both counts were substantially insufficient in law for the same identical reasons as those set forth in its motion filed on May 15, 1959. The motion to strike and dismiss was heard and sustained and the complaint stricken on May 11, 1962. Plaintiff elected to stand upon his complaint, and from an appropriate judgment in bar of the action and for costs, plaintiff appeals.

Counsel for appellant insist (1) that "the trial court should have followed the spirit as well as the letter of the remanding order and overruled defendant's second motion (to dismiss) filed January 22, 1962," and (2) that the publications complained of impeached the honesty, integrity and reputation of appellant as a public official, exposed him to public hatred, contempt and ridicule and are libelous per se.

The grounds of alleged insufficiency of the complaint specified in the 1962 motion to strike and dismiss are verbatim the same as those set forth in defendant's 1959 motion.

On the first appeal from the order granting the 1959 motion, the question before us was whether the action of the trial court in striking and dismissing plaintiff's complaint and entering final judgment against him was correct, and not whether such action was based on proper grounds or reasons. 2 ILP 563, Appeal and Error Par 633. We were not limited by the reason given by the trial judge for his ruling, i. e. that the complaint was barred by limitations. On the contrary we were required to, and in legal effect did, consider all grounds specified in the 1959 motion. It could have been argued then, as it could have in the trial court, that the publications were libelous per se. However, defendant confined its brief and argument to the point mentioned in the trial court's ruling, and having chosen to rely solely upon that point, other grounds specified in the motion were waived. Handel-

311

man v. Schwartz, 23 Ill App2d 399, 403, 163 NE2d 574. Further, when litigation is presented to a reviewing court, all questions which are open to consideration are deemed disposed of, whether or not they were actually presented. Meyer v. Povilat, 20 Ill App2d 279, 282, 156 NE2d 4.

■ Furthermore, the question presented on this appeal was actually presented and ruled upon adversely in the former appeal. When we reversed and remanded with directions to overrule the 1959 motion to strike and dismiss plaintiff's complaint (32 Ill App2d 266), defendant filed a petition for rehearing, in which the principal contention was that our remanding order "deprived the trial court of its right to rule on additional grounds set forth in the motion to dismiss," and that the case "should be remanded with directions to consider the other phases of defendant's motion to strike." After carefully considering this contention we concluded unanimously that the complaint was sufficient to require an answer, and denied the petition for rehearing.

■ On remandment to the trial court, defendant's counsel abandoned the contention that our remanding order precluded that court from ruling on other grounds contained in the motion. Our refusal to direct consideration of other phases of the motion was ignored, and counsel filed a motion based upon the identical grounds set forth in the 1959 motion. When litigation is presented to an appellate tribunal and questions of law are decided, the rule of law is that all such questions relating to the the same subject matter which were open to consideration and could have been presented are res judicata, whether they were presented or not. City of Chicago v. Collin, 316 Ill 104, 112, 146 NE 741. The subject matter of the former appeal related to the sufficiency of the complaint when tested by defendant's 1959 motion to strike and dismiss. The law of this case as established by our de-

cision in the former appeal, is that the complaint is good as against any ground specified in that motion. It was the duty of the trial court upon remand to follow the directions of the mandate in the light of the rule of law mentioned and the law of this case, regardless the conduct of the plaintiff, short of his consent. There is nothing in the abstract to indicate that defendant made any application for leave to file, or that plaintiff had any opportunity to object, or that he consented to the filing of the 1962 motion. In our opinion the action of the trial court in considering and sustaining a motion based upon the same grounds as those contained in the motion previously before this court, constituted an evasion of our mandate and reversible error.

When we filed the opinion in the former appeal and denied rehearing, it was our opinion that the publications attached to the complaint and exhibited in the abstract and brief were libelous per se, and that the complaint was sufficient to require an answer. On this appeal the complaint is the same and the grounds of the motion are the same as on the former appeal. The judgment of the trial court ignores the law of this case as established by previous rulings of this court. To be consistent, our decision must be the same as on the former appeal. The judgment of the Circuit Court of Winnebago County is reversed, and the cause is remanded to that court with directions to overrule defendant's motion to strike and dismiss plaintiff's complaint and to proceed in compliance with the views herein expressed.

Reversed and remanded with directions.

SMITH, J, concurs.

DOVE, J. The concluding paragraph of the foregoing opinion states that when the opinion in the former

313

appeal was filed and a rehearing denied, it was our opinion that the publications complained of were libelous per se. The judgment and orders entered may so indicate, but I am unable to find in these articles any charge that plaintiff received, or offered to receive, $7000, in payment for a liquor license, or received, or offered to receive, any money in connection with the issuance of the license referred to in the articles. The words complained of neither charge that plaintiff accepted a bribe, nor do they implicate plaintiff in the commission of any crime. They are not, in my opinion, reasonably susceptible of the meaning attributed to them by the plaintiff, and are not libelous per se.