FLORA TANARI, Plaintiff-Appellant, *v.* SCHOOL DIRECTORS OF DISTRICT NO. 502, COUNTY OF BUREAU, Defendant-Appellee.

Third District   No. 75-319

Opinion filed November 15, 1976.

Louis E. Olivero, of Peru, for appellant.

Berry & O'Conor, of Ottawa (John A. Berry, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Bureau County directing a verdict for the defendant, School Directors of District

No. 502, and against the plaintiff, Flora Tanari, at the close of the plaintiff's case.

The plaintiff filed a complaint against the defendant wherein she alleged that as the result of the defendant's negligent acts and omissions she was injured and was entitled to judgment for damages. During the presentation of the plaintiff's case it was disclosed that for many years the plaintiff and her husband were employed as bus drivers by one Michael Grivetti, who had a contract with the defendant school to transport students to and from school. Michael Grivetti received some complimentary football tickets from the defendant school and he in turn gave one of these tickets to the plaintiff for the football game to be played on October 13, 1972, on the defendant's playing field.

The plaintiff, her daughter and son-in-law on the evening of October 13, 1972, journeyed to the football field area and after parking their automobile entered the playing field and seating area. While walking through an open area leading to the bleachers, a group of children who were running and playing in the area collided with the plaintiff with such force as to cause her to fall to the ground. At that time a boy fell upon her, apologized, and in getting up stepped on her right leg, causing injury to her foot. The boy then disappeared and the plaintiff never ascertained his identity.

The record discloses that at football games and on the night of the incident which injured the plaintiff, the football field and stadium area were policed by specially hired off-duty policemen. In addition numerous members of the faculty were assigned to various areas of the stadium for the purpose of crowd control and other policing purposes. The record further fails to reveal any instance of a like incident or injury occurring prior to the one complained of by the plaintiff.

At the close of the plaintiff's case the trial court directed a verdict for the defendant on the grounds that the plaintiff was a licensee on defendant's premises and that being a licensee the defendant owed the plaintiff only the duty to refrain from wilful and wanton misconduct. The plaintiff pursuant to this ruling moved to amend her complaint to include a count for wilful and wanton misconduct. This motion was denied with the trial court's observation that such an amendment would not conform with the proof.

We agree with the trial court's determination that a verdict should be directed in favor of the defendant; however, we prefer that such a ruling be based upon the law resulting from the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 *et seq.*) and the School Code (Ill. Rev. Stat. 1967, ch. 122, par. 24—24). That a reviewing court can affirm a judgment of the trial court for reasons other than those relied upon by the trial court is well

established. See 2 Ill. L. & Pr. *Appeal and Error* §633, at 566 (1953); *McDermott v. Burke*, 256 Ill. 401, 100 N.E. 168; *Kelley v. Village of Willowbrook*, 38 Ill. App. 2d 112, 186 N.E.2d 369; *Meyer v. Povilat*, 20 Ill. App. 2d 279, 156 N.E.2d 4.

At the time of plaintiff's injury the Local Governmental and Governmental Employees Tort Immunity Act provided as follows:

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." Ill. Rev. Stat. 1971, ch. 85, par. 2—201.

The Act further provides that:

> "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Ill. Rev. Stat. 1971, ch. 85, par. 2—109.

■■ A school district is a public body and as such acts only through its officers and employees. Where the employee is not liable then the employer cannot be liable under the doctrine of respondeat superior. (See *Fustin v. Board of Education*, 101 Ill. App. 2d 113, 242 N.E.2d 308.) In *Fustin* it was further expressly ruled that an employee of a school district who had the duty of supervision could not be liable unless guilty of wilful and wanton misconduct and that by virtue of the doctrine of respondeat superior the school district would not be liable.

When oral arguments were heard in this case by the reviewing court the defendant moved to cite additional authority and for leave to file a written addendum to its brief. This motion was granted along with leave to the plaintiff to reply. The case cited by the defendant is *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 347 N.E.2d 705. After examining *Kobylanski* we find that the Supreme Court relied upon section 24—24 of the School Code which provides that teachers and other certified educational employees shall maintain discipline in the schools and that in all matters relating to the discipline in and conduct of the schools and the school children they stand in the relation of parents and guardians to the pupils.

The Supreme Court further determined that this statute, to-wit, section 24—24 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—24), conferred upon educators the status of parent or guardian and consequently a parent is not liable to his child absent wilful and wanton misconduct. (See *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 347 N.E.2d 705.) Since the question of waiver of immunity by virtue of insurance coverage was raised by the plaintiff the case of *Kobylanski* is pertinent in that it determined this question by finding the waiver section

of this Local Governmental and Governmental Employees Tort Immunity Act, being section 9—103(b) (Ill. Rev. Stat. 1971, ch. 85, par. 9—103(b)), is limited by section 2—111, which states, "Nothing contained herein shall operate to deprive any public entity of any defense heretofore existing and not described herein" (Ill. Rev. Stat. 1971, ch. 85, par. 2—111). It is further established in *Kobylanski* that the pertinent sections of the School Code were passed prior to the date of the Local Governmental and Governmental Employees Tort Immunity Act.

■■ ■ In the instant case it is clear from the record that wilful and wanton misconduct was absent on the part of the defendant and its employees and hence under the pertinent provisions of the Local Governmental and Governmental Employees Tort Immunity Act or the School Code a directed verdict for the defendant was proper.

■■ We further find that the trial court did not err in denying plaintiff's motion to amend the complaint to include a count of wilful and wanton misconduct. The facts of record produced by the plaintiff could in no way be construed as constituting the existence of wilful or wanton misconduct and hence an amendment alleging such would be a nullity and an exercise in futility. In fact, after studying the record we can only conclude that irrespective of the standard of care which might have been required in this case, no verdict in favor of the plaintiff could stand as against the defendant school directors. The question of whether an amendment to a complaint should be allowed is addressed largely to the discretion of the trial court. (30 Ill. L. & Pr. *Pleadings* §104, at 75 (1957).) We find no abuse of such discretion by the trial judge, for the record is devoid of any evidence that would support a count charging wilful and wanton misconduct.

From the foregoing we conclude that the trial court's directed verdict for the defendant was proper. The judgment of the Circuit Court of Bureau County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.