THOMAS J. CARR, Plaintiff-Appellant, *v.* SHIRLAND TOWNSHIP, Defendant-Appellee.—(JOHN A. ROESSELL *et al.*, Defendants.)

Second District   No. 77-404

Opinion filed December 13, 1978.

J. Daniel King, of Rockford, for appellant.

J. Todd Kennedy, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Thomas J. Carr, brought this four-count complaint against John A. Roessell (Roessell), Winnebago County and Shirland Township (Shirland), for personal injuries suffered in an automobile collision. Counts I and II alleged that Roessell was guilty of negligence and willful and wanton conduct respectively; count III alleged that Winnebago County was guilty of negligence; and count IV alleged that Shirland was guilty of negligence. After Shirland filed an answer to the complaint, plaintiff, with leave of court, amended count IV to include the allegation that Shirland was covered by liability insurance at the time of the collision; Shirland, in answer to plaintiff's amended count IV, admitted same. Shirland then filed a motion for judgment on the pleadings. The trial court held that count IV failed to allege a cause of action against Shirland and granted the motion. Plaintiff appeals.

All counts of plaintiff's complaint alleged that he was a passenger in a car driven by Roessell; that Roessell was proceeding in a southerly direction on Hauley Road just north of its intersection with Yale Bridge Road; that at the same time one James C. Jacobson was driving a pickup truck in an easterly direction on Yale Bridge Road just west of its intersection with Hauley Road; that Yale Bridge Road was a through street at said intersection since there was a stop sign on Hauley Road for traffic proceeding in a southerly direction; that Roessell drove his car into said intersection without stopping and collided with Jacobson's pickup truck. Count I of the complaint then alleged that Roessell was guilty of the following acts of negligence:

"a. That he drove said car at a speed that was greater than was reasonable and proper in violation of Chapter 95½, Section 11—601, Illinois Revised Statutes, 1975.

b. That he drove said car at a speed greater than 55 m.p.h., in violation of Chapter 95½, Section 11—601, Illinois Revised Statutes, 1975.

c. That he failed to decrease his speed as he approached said intersection.

d. That he failed to stop and yield the right-of-way to the Jacobson pickup truck in violation of Chapter 95½, Section 11—904(b), Illinois Revised Statutes, 1975.

e. That he failed to decrease the speed of his vehicle to avoid colliding with the Jacobson pickup truck.

f. That he failed and omitted to keep a proper lookout.

g. That he failed and omitted to have and keep his vehicle under due and proper control."

Count I went on to allege that plaintiff's injuries were the proximate result of Roessell's acts of negligence. Count II alleged the same facts but alleged that Roessell was guilty of willful and wanton conduct.

In count IV of the amended complaint plaintiff alleged that Shirland was guilty of one or more of the following acts of negligence:

"a. Allowed the 'Stop Ahead' sign on Hauley Road just north of its intersection with Yale Bridge Road to remain down even though it knew, or should have known, it was down.

b. Failed to place or maintain the 'Stop' sign on Hauley Road at its intersection with Yale Bridge Road at a proper height.

c. Failed to use a reflectorized 'Stop' sign on Hauley Road at its intersection with Yale Bridge Road.

d. Failed to light the intersection in question.

e. Failed to properly patrol or periodically police the intersection in question.

f. Failed to inform the defendant, WINNEBAGO COUNTY, of the problems referred to in Subparagraphs a. through d. above."

Count IV goes on to allege that as a direct and proximate result of one or more of these acts of negligence on the part of Shirland, plaintiff was injured.

It is plaintiff's position that under the Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*), the allegations of negligence contained in count IV describe ministerial acts to which liability on the part of the local public entity attaches as opposed to discretionary acts which carry no liability (Ill. Rev. Stat. 1975, ch. 85, par. 2—201). Further, however, that even if the alleged acts are held to be discretionary, the immunity furnished by the statute would be waived in this case because Shirland was covered by liability insurance at the time of the collision. Ill. Rev. Stat. 1975, ch. 85, par. 9—103.

■■ It is well settled that in order to establish a negligence case against a person or entity, four elements must be alleged and proved; namely, a duty owed to the injured party; conduct which breaches that duty; proximate cause between the conduct and the injury; and damage resulting from that conduct. Given the validity of either or any one of plaintiff's theories as stated above, we are of the opinion that count IV of plaintiff's complaint does not allege sufficient facts to establish that Shirland's allegedly negligent acts were the proximate cause of plaintiff's injuries.

In his complaint, plaintiff alleged that Roessell proceeded into the intersection of Yale Bridge Road and Hauley Road at an excessive speed and without stopping, and thereupon collided with Jacobson's pickup truck. Further, that Roessell's failure to stop and yield the right-of-way was in violation of section 11—904(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—904(b)) which provides that vehicles entering a stop or yield intersection must stop, ascertain whether there is any approaching traffic, and yield the right-of-way if there is traffic approaching so closely as to constitute a hazardous situation.

However, even accepting as true plaintiff's allegations that the "Stop Ahead" was down and that the "Stop" sign was not clearly visible due to its height and lack of reflectorization, the facts alleged by plaintiff make it clear that Roessell was also in violation of section 11—901(a) (Ill. Rev. Stat. 1975, ch. 95½, par. 11—901). Section 11—901(a) provides:

"(a) When 2 vehicles approach or enter an intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right."

The complaint alleged that Roessell was proceeding in a southerly direction while Jacobson was proceeding east, placing him on Roessell's right, and therefore even without the presence of the "Stop Ahead" signs or the "Stop" sign, Roessell had a duty to yield the right-of-way to Jacobson's truck.

■■ ■ "What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act." (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380, 50 N.E.2d 497, 503.) The question of proximate cause is ordinarily one of fact, and can only be a question of law when the facts are not only undisputable but are also such

that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. *Podraza v. H. H. Hall Construction Co.* (1977), 50 Ill. App. 3d 643, 365 N.E.2d 944.

■■ ■ It is true that there can be more than one negligent act which creates the proximate cause of injury. "Where injury or damage is caused by the concurrent negligence of two persons and the accident would not have occurred without the negligence of both, the negligence of each is the proximate cause of the injury or damage." (*Naslund v. Watts* (1967), 80 Ill. App. 2d 464, 470, 224 N.E.2d 474, 477.) However, as the court in *Briske v. Village of Burnham* (1942), 379 Ill. 193, 39 N.E.2d 976, stated:

> "If a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent independent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. * * * The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act." 379 Ill. 193, 199, 39 N.E.2d 976, 979.

■■ The Illinois Civil Practice Act in section 43(2) provides that, "When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, * * *." (Ill. Rev. Stat. 1975, ch. 110, par. 43(2); see *McCormick v. Kopmann* (1959), 23 Ill. App. 2d 189, 161 N.E.2d 720.) Further, fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible against the pleader. (*McCormick v. Kopmann.*) However, where as here, a party has pleaded separate counts against various defendants, but has not pleaded in the alternative, there is no rule which requires the court to consider each count in isolation and ignore facts pleaded in other counts. *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.

In passing upon the sufficiency of the complaint, the trial court is required to accept all well pleaded facts as true and then determine whether the complaint suffices to state a cause of action against the defendant. (*Madden v. Kuehn.*) Having examined the allegations in plaintiff's complaint and mindful of the statements of law outlined above, the facts indicate that none of the allegedly negligent acts on the part of Shirland were the proximate cause of plaintiff's injuries and, at most, such acts furnished merely a condition making plaintiff's alleged injuries possible.

We are aware that the record indicates that the trial court granted Shirland's motion on the basis that Shirland had no duty to erect or re-

erect either the "Stop Ahead" or the "Stop" sign; however, a reviewing court can affirm a judgment of the trial court for reasons other than those relied upon by the trial court (*Tanari v. School Directors of District No. 502* (1976), 43 Ill. App. 3d 331, 356 N.E.2d 1364, *reversed on other grounds* (1977), 69 Ill. 2d 630, 373 N.E.2d 5), and the judgment of the trial court will be sustained, irrespective of whether the court's reasoning was correct. *Peterson v. Norfolk & Western Ry. Co.* (1976), 42 Ill. App. 3d 570, 356 N.E.2d 391.

■■ Plaintiff has further contended that Shirland has admitted the acts of negligence alleged in the complaint by filing a motion for judgment on the pleadings. Such a motion tests the sufficiency of the pleadings as a matter of law and admits the truth of all facts well pleaded. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill. 2d 443, 266 N.E.2d 897.) However, for the most part plaintiff's allegations of Shirland's negligence were conclusions, not well-pleaded facts, and therefore not admitted for the purpose of Shirland's motion. In any event we have concluded that none of the allegedly negligent acts on the part of Shirland were the proximate cause of plaintiff's injuries.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.