(No. 94-CC-1625– )

KEVIN STOECKEL, Claimant, v. ILLINOIS DEPARTMENT OF TRANSPORTATION (IDOT) and KIRK BROWN, SECRETARY OF IDOT, Respondents.

*Order filed July 19, 1999.*

DAVID A. VIRGIN, for Claimant.

JIM E. RYAN, Attorney General (DEBORAH L. BARNES, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This cause coming on to be heard on the Respondent's motion for summary judgment, the Court having considered the memoranda of the parties, and being fully advised in the premises, the Court finds:

1. Claimant, Kevin Stoeckel, was a passenger in a vehicle driven by Elmer Valladares at the intersection of

College Avenue (Illinois Route 140) and Crest Drive in Alton, Madison County, Illinois at 12:30 a.m. on December 23, 1992. Claimant alleges injuries resulting from a collision between the Valladares vehicle and a car driven by Randall Schwartz. Schwartz was eastbound and Valladares was westbound on Route 140.

2. Schwartz, in his deposition, testified that he does not remember the accident, but he admitted that his blood alcohol level was .20 (per 100 milliliters of blood). The Illinois Vehicle Code in effect at that time provided that a person was presumed intoxicated if his blood alcohol concentration was .10 per 100 milliliters of blood. (625 ILCS 5/11—501 and 11—501.2 (1992)) Schwartz was at double the presumed intoxication level.

3. Elmer Valladares, in his deposition, testified that he was driving at a speed of 45 miles per hour when Schwartz pulled out in front of his vehicle. Claimant, a passenger in Valladares' vehicle, was deposed and also testified that Schwartz turned in front of Valladares' car.

4. The cause of the accident was Schwartz' negligence, and not the design of the highway or any negligence on the part of the State. In *DiBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 605 N.E.2d 571, a driver lost control of his vehicle, crossed over the shoulder, and landed in a drainage ditch. The Supreme Court held that the ditch was not the cause of the accident, but that the driver's loss of control was the proximate cause of the accident. See also *Thompson v. County of Cook* (1993), 154 Ill. 2d 374, 609 N.E.2d 290, which is similar to the instant case.

5. If a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent independent act of a

third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. (*Briske v. Village of Burnham* (1942), 379 Ill. 193, 199, 39 N.E.2d 976, 979; *Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 1037, 384 N.E.2d 449, 452, 66 Ill. App. 3d at 1037.) An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury, and itself becomes a direct and immediate cause of the injury. *Briske*, 379 Ill. at 199.

In the instant case, Mr. Schwartz's failure to yield, as was his statutory duty, was the subsequent independent act of a third person. Therefore, the condition of the intersection, if it was hazardous, and Mr. Schwartz's failure to yield, are not concurrent and the existence of the condition is not the proximate cause of the injury. Furthermore, this Court has held that where a stop sign was missing at the intersection of a gravel road and a preferential highway, the driver who failed to yield to traffic approaching from the right, according to a statutory duty similar to the instant case, was the proximate cause of the accident, and not the absence of the stop sign. *Wehde v. State* (1985), 38 Ill. Ct. Cl. 165.

6. Here, Schwartz's actions and intoxication were the causes of this tragic accident.

7. Further, the highway (IL Rte 140) was completed more than ten years before the accident. Pursuant to 735 ILCS 5/13—214(b), a claim based upon design or construction defects is required to be brought within ten years of the construction.

It is therefore ordered, adjudged and decreed that the Respondent's motion for summary judgment is granted, and this claim is dismissed and forever barred.