Joe Balfour, Appellee, v. Dohrn Transfer Company, Appellant.

Gen. No. 9,481.

Opinion filed February 28, 1946. Released for publication March 26, 1946.

DAVID AXELROD and CARL L. STEINER, both of Chicago, for appellant; DAVID AXELROD and CARL L. STEINER, both of Chicago, of counsel.

WILSON & SCHMIEDESKAMP, of Quincy, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This is an action by Joe Balfour, the owner of a tractor-trailer combination, against Dohrn Transfer Company, the lessee of that combination, brought in the circuit court of Adams county. The complaint contained two counts, one for $324.95 due Balfour under certain lease agreements for the use of his truck and trailer, the other for damages to the truck and trailer caused by an accident when the truck and trailer were under lease to the Transfer Company. The Transfer Company, in its answer, admitted that it owed the sum

claimed under Count One, denied the allegations of Count Two and filed a counterclaim for damages to merchandise being transported in the trailer at the time of the accident. The case was tried before a jury and a verdict in favor of plaintiff for $1,579.85 was returned. Defendant has appealed to this court.

Balfour, the owner of the truck and trailer, employed a driver who was operating the truck at the time of the accident. The lease agreement pursuant to which the trip was made was entered into with the Transfer Company by the driver and on behalf of Balfour, and provided for the transportation of merchandise to various consignees in Galesburg, Illinois. The Transfer Company, as its name implies, was engaged in transporting personal property in its own vehicles and in vehicles under lease as in the present case. Balfour claims that the driver of the truck was the employee of the Transfer Company on this particular trip and that it is liable for damages caused his truck and trailer because of the driver's negligence. The Transfer Company argues that the driver was Balfour's employee and there is evidence in the record supporting both theories of the case.

It should be noted first that the Transfer Company apparently employed two types of leases. The one upon which Count One of the complaint is based provided that "the equipment herein leased shall be in the exclusive possession and control of the Lessee, and that the driver of the equipment shall be an employee of the Lessee." The lease which covered the trip during which the accident took place merely provided "that the equipment herein leased shall be in the exclusive possession and control of the Lessee." The defendant also proved that Balfour furnished at his own expense all necessary oil, gasoline and tires; he paid the driver's wages out of the contract price and in addition paid for his meals and hotel room. The record discloses on the other hand that the Transfer

Company paid the driver by its own check which was deducted from Balfour's rental; that it paid social security on the driver as its employee, withheld income taxes from his wages and protected him with workmen's compensation insurance.

Faced with this evidence, we believe the court properly submitted the case to the jury for decision. It would serve no useful purpose to repeat the various definitions of the employer employee relationship which have been developed by courts in cases of this type. Each must rest upon its own facts,—the primary element being the source and nature of the control exercised by the various parties involved. The Transfer Company argued strenuously that the right to discharge an employee is determinative, and that since it could not discharge the truck driver it should be exonerated. The right to discharge is but one element in the complex determination of the employer employee relationship and no doubt this was considered by the jury along with the other items of proof enumerated above. We believe the verdict is supported by the evidence and are not disposed to disturb it on this ground.

The Transfer Company also objects to the evidence offered by Balfour to prove the amount of his damages. One itemized bill was introduced, and the balance of the evidence consisted of testimony by Balfour as to the various amounts expended by him for repairs. The Transfer Company contends that this evidence was inadmissible since the testimony of Balfour was not the best evidence of the cost of the repairs made, and further there was no proof that the amounts he paid were fair and reasonable charges for the service and material furnished. The itemized bill introduced by Balfour as proof of part of the cost of repairs paid by him, was clearly admissible. Where a bill for repairs is the result of an ordinary business transaction and where there is nothing to cast suspi-

cion on it, the amount paid will be presumed to be reasonable. *Darling & Co. v. Yellow Cab Co.*, 238 Ill. App. 326.

■ We do not deem it necessary to pass upon the admissibility of plaintiff's testimony to prove the remaining items of damage. Defendant made no objection to the testimony at the time it was given but was content to move to strike "this evidence as to damages" prior to cross-examination of plaintiff. A similar motion "to exclude all the evidence as to the truck and the repairs" was made at the close of all the evidence. Since there was admissible evidence in the record proving some of the items of damage, defendant's motion was too broad. The trial court could not be expected to sort the evidence, striking those items that were objectionable. *Graham v. Dressen,* 292 Ill. App. 15.

Defendant also contends that the evidence does not justify an award to plaintiff for the loss of the use of his vehicle during the time it was being repaired. The record discloses that plaintiff averaged two trips to Chicago each week; that his profit per trip was about $20 and that it took five weeks to repair the truck and trailer. On the other hand, plaintiff testified that he owned two truck-trailer combinations, but that only one was in operation at one time. He further testified that he made no effort to secure a substitute for the one that was damaged. Under these circumstances we do not believe that plaintiff was entitled to compensation for the loss of use of the damaged vehicle, since plaintiff in its brief agrees that $200 was awarded by the jury for this purpose, this amount must be remitted or a new trial will be awarded. If plaintiff will, within 10 days, remit $200 from the judgment, it will be affirmed for the balance; otherwise the judgment is reversed and the cause remanded for a new trial.

*Affirmed upon remittitur.*