JERRY FRYM, a Minor by MARION FRYM, His Father and Next Friend, Plaintiff-Appellant, *v.* ROVEX PHARMACY, INCORPORATED *et al.,* Defendants-Appellees.

(No. 57841; )

First District (1st Division)—February 20, 1973.

174

Jack Joseph and Clarence S. Lipnick, both of Chicago, (Joseph & Friedman, and Lipnick, Barsy & Joseph, of counsel,) for appellant.

Michael J. McCardle and David P. Schippers, both of Schippers, Betar, Lamendella & O'Brien, of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Jerry Frym, a minor, seeks to recover for injuries sustained in the course of his employment as a delivery boy for defendant. On November 30, 1966, the date of the occurrence, plaintiff, then 13 years old, in the course of making a delivery was using an allegedly defective bicycle provided by defendant.

In his complaint, plaintiff alleged that the employment was in violation of Illinois Revised Statutes, 1971, ch. 48, par. 31.1 which provides:

"No minor under sixteen years of age at any time shall be employed, permitted or suffered to work in any gainful occupation in connection with any theatre, concert hall or place of amusement, or any mercantile institution, store, office, hotel, laundry,

manufacturing establishment, mill, cannery, factory or workshop, restaurant, lunch rooms, beauty parlors, barber shop, bakeries, coal, brick or lumber yard, or in any type of construction work within this state; provided, that minors between fourteen and sixteen years of age may be employed, permitted, or suffered to work outside school hours and during school vacations but not in dangerous or hazardous factory work or in any occupation otherwise prohibited by law or by order or regulation made in pursuance of law."

The trial judge refused to direct a verdict on the issue of liability and submitted the case to the jury on the issues of liability and damages.

The jury returned a verdict finding the issue of liability in plaintiff's favor and assessing damages against defendant in the amount of $4,500 and the court entered judgment thereon. Plaintiff appeals and seeks a new trial on the issue of damages.

■■ Plaintiff argues that the court erred in refusing to allow the jury to be advised that loss of future earnings is a proper element of damages. An examination of the record however, contradicts plaintiff's assertion and indicates that plaintiff's counsel during the course of the trial advised the jury to consider "loss of future earnings" as an element of damages. The record indicates three occasions on which plaintiff's counsel, without objection, advised the jury to consider "loss of future earnings" as an element of damages. Plaintiff's lawyer said to the jury:

"Think of what a child thirteen years old is injured. [sic] He's nineteen years old now. He has to live fifty-one years. Can he be a doctor—sure, he can. So can I. What if he isn't. What if he ends up a laborer. A sheet metal worker. You think he can do the job? What happens to a boy like that. Think of it. Think about about [sic] your child. What would happen to them and this is the day you have to give him what he deserves. What he should have. He can't come back tomorrow, or the next day, and say gentlemen you didn't give me enough money. Think about that.

\* \* \*

Now, he will not be able to do any type of work that everybody else can do. That's what you have to remember. That's why his capacity for earning will be reduced and that's what he had to live with. There's no way to get that arm any better. God knows if there were they would do it.

\* \* \*

If I applied for a job and in the application and he has to take a physical and they examine him and see the arm the way it is I

don't think they'll hire him. All things can't equal if they have a boy that has two good arms and they have him. I don't think they'll hire him. Would you hire him? He'd be a risk for them. Consider that. You must consider that when you compensate him. That's important." [sic]

Plaintiff also argues that the trial court erred in refusing to give the jury an instruction which included "loss of future earnings" as an element of damages. The record establishes that plaintiff did not tender to the trial judge during the jury instruction conference an instruction relating to "loss of future earnings."

The Illinois Civil Practice Act, Section 67 (3) (Ill. Rev. Stat. 1971, ch. 110, sec. 67(3)), provides in relevant part:

"* * * No party may raise on appeal the failure to give an instruction unless he shall have tendered it."

In *Cobb v. Marshall Field & Co.*, 22 Ill.App.2d 143, 159 N.E.2d 520, this Court was concerned with a similar situation in which the plaintiff alleged that the trial judge had erred in instructing the jury. The Court, in response to plaintiff's argument stated:

"If correct instructions were tendered and refused there would be merit to the plaintiffs' contention that the court erred in instructing the jury, but a party cannot raise on appeal the failure to give instructions if he does not offer them. Chapter 110, § 67(3), Ill. Rev. Stat. 1957; Beckstrom v. Montgomery Ward & Co., Inc., 20 Ill.App.2d 353, 156 N.E.2d 230." *Cobb v. Marshall Field & Company*, 22 Ill.App.2d 143, 157, 159 N.E.2d 520, 526.

See also *Sesterhenn v. Saxe*, 88 Ill.App.2d 2, 232 N.E.2d 277; *Rennie v. Jacoel*, 70 Ill.App.2d 201, 217 N.E.2d 105.

■■ We are of the opinion that Section 67 (3) (Ill. Rev. Stat. 1971, ch. 110, sec. 67(3)), is mandatory when it states:

"* * * No party may raise on appeal the failure to give an instruction *unless he shall have tendered it.*" (Emphasis supplied.)

■■ In the instant case, plaintiff did not tender an instruction concerning "loss of future earnings" and therefore he cannot raise as error on appeal the court's failure to give the instruction.

Plaintiff urges that the court erred in submitting the issue of liability to the jury, and that he is entitled to a new trial on the issue of damages.

■■ This Court cannot subscribe to plaintiff's speculative argument. There is no evidence in the record which would indicate a compromise on the issue of liability. On the contrary, plaintiff at the trial introduced evidence of approximately $600 in medical expenses. The jury awarded plaintiff $4,500 in damages. We cannot say that the verdict is so inadequate as to require a new trial on the issue of damages.

■■■ Courts of review should not indulge in speculation as to the motives and intentions of the jurors. The record shows that plaintiff was not prejudiced as a result of the trial court's refusal to direct a verdict on the issue of liability.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG and STAMOS, JJ., concur.