WILLIAM J. JEANGUENAT, Plaintiff-Appellant, *v.* SHARON L. ZIBERT *et al.*, Defendants-Appellees.

Third District No. 79-35

Opinion filed December 7, 1979.

Louis E. Olivero, of Peru, for appellant.

Herbolsheimer, Lannon, Henson & Duncan, P. C., of La Salle, for appellee Sharon L. Zibert.

Anthony C. Raccuglia, of Peru, for appellee Mark S. Mills.

Berry & O'Connor, of Ottawa, and Myers & Daugherity, of Streator, for appellee City of Peru.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff herein, William J. Jeanguenat, filed suit in the circuit court of La Salle County to recover damages for injuries sustained as a result of an automobile collision. Named as defendants were Mark S. Mills, the driver of the car in which the plaintiff was riding; Sharon L. Zibert, the owner and operator of the parked car which the Mills auto struck; and the city of Peru. At the conclusion of all evidence the trial court directed verdicts for defendant Zibert and the defendant city. The jury returned a verdict of $5,000 for the plaintiff against defendant Mills. The plaintiff appeals as to the result reached against each defendant.

During the early morning hours of August 4, 1974, plaintiff was riding as a passenger in an auto driven by defendant Mills along U.S. Route 6 in the city of Peru. Just east of the intersection of U.S. Route 6 and U.S. Route 51 the Mills auto collided with a car owned and operated by defendant Zibert. The Zibert auto was parked parallel to the traffic flow and adjacent to the south curb of U.S. Route 6. This area of U.S. Route 6 in the city of Peru was then designated a no-parking zone. The parked auto was blocking or blocking in part the traveled lane of U.S. Route 6.

Important to the resolution of this matter both here and at the court below were the conditions surrounding the collision as admitted by the defendant Mills. At the point of the collision the eastbound traveled

portion of U.S. Route 6 was "wide," measuring approximately 20 feet or 2½—almost 3—car widths across. Visibility was good and unobstructed. U.S. Route 6 was straight and level for some distance from the point of impact. Defendant Mills was "feeling the effects" from something in excess of 10 to 15 beers. At the time of the impact with the parked car defendant Mills was turned toward the plaintiff in the front seat, facing him and talking with him. There were no skid marks at the scene indicating an attempt to stop. Indeed, the defendant Mills admits that if his attention had been on the road the collision could have been avoided.

■■ Faced with this unequivocal and uncontradicted testimony, the circuit court directed a verdict for defendant Zibert on the theory that the action of parking her auto illegally furnished only a condition and was not the proximate cause of plaintiff's injury. Our supreme court has determined "that if the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury * * *." (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 316, 45 N.E.2d 665, 675.) The subsequent independent act becomes an intervening efficient cause which breaks the causal connection between the original wrong and the injury, and itself becomes the proximate or immediate cause. (*Merlo.*) It is the contention of defendant Zibert, concurred in by the circuit court, that the action of defendant Mills was a subsequent independent act sufficient to break the causal connection and to relieve defendant Zibert of liability to the plaintiff as a result of her negligent act.

*Merlo* is the oft-cited leading case in this chapter from the law of torts, and we refer to its authoritative discourse:

"What constitutes the proximate cause of an injury in a particular case is ordinarily a question of fact to be determined from all the attending circumstances, and it can only be a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 318, 45 N.E.2d 665, 675.)

In the present case, where the circuit court determined that as a matter of law the jury could reach no contrary result, and therefore directed a verdict for defendant Zibert, we must find undisputed facts and unequivocal inferences in order to uphold the decision below. The record of this case demonstrates that certainty. It stands without denial that the negligence of defendant Mills, characterized as total inattention to the direction of travel, was a contributing cause to the collision.

Was then the circuit court correct in ruling as a matter of law that defendant Mills' negligence was an "intervening, efficient cause?" Again, we find guidance in the *Merlo* opinion:

"If the act of a third party is the immediate cause of the injury and is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the original wrong, the connection is broken and the first act or omission is not the proximate cause of the injury. There may be more than one proximate cause of an injury. But if two wholly independent acts, by independent parties, neither bearing to the other any relation or control, cause an injury by one creating the occasion or condition upon which the other operates, the act or omission which places the dangerous agency in operation is the efficient intervening cause that breaks the causal connection and makes the other act or omission the remote and not the proximate cause of the injury." (381 Ill. 300, 317, 45 N.E.2d 665, 675.)

We believe there is substantial authority for concluding that defendant Zibert's actions, although negligent, were the remote cause of the injury.

In *Briske v. Village of Burnham* (1942), 379 Ill. 193, 200, 39 N.E.2d 976, 979, where the issue was likewise the driver's inattention, the supreme court held that "The law does not permit him to say that he did not see the obstruction when, if he had properly exercised his faculty of sight, he would have seen the barrier." In the *Briske* case, as here, the night was clear, the driver's vision was unobstructed, the road was straight, and the auto could have stopped had the driver only used his power of observation. The *Briske* court concluded that the driver's negligence constituted the proximate cause of the collision while the negligence attributable to permitting the obstruction to exist was remote and thus not actionable.

Similarly, in another case which coincidentally involved the city of Peru, this State's highest court announced that "The law will not tolerate the absurdity of permitting one to testify that he looked and did not see the danger when the view was unobstructed and where, if he had properly exercised his sight, he would have seen it." (*Dee v. City of Peru* (1931), 343 Ill. 36, 42, 174 N.E. 901, 904.) In other words, paraphrasing the *Merlo* opinion, total and unexplained inattention to the roadway while driving an automobile is conduct so outrageously negligent and reckless that in the exercise of reasonable diligence it could not be anticipated. Such is the conduct in the case at bar.

■ We believe, as did the circuit court below, that the *Merlo, Briske*, and *Dee* cases are controlling of the outcome here as regards defendant Zibert. The cases cited by the plaintiff are not controlling because

of significant factual differences. In *Sutherland v. Guccione* (1955), 8 Ill. App. 2d 201, 131 N.E.2d 130, the intervening negligent act was clearly not of the same nature as total and unexplained inattention to the roadway in the direction of travel. At best the intervening act in *Sutherland* was a driver's failure to look to the rear before initiating a vehicle's forward motion. Another case cited by the plaintiff, *Young v. Gateway Transportation Co.* (1975), 26 Ill. App. 3d 864, 326 N.E.2d 222, is similar to the instant case in that it involves a collision with an illegally parked vehicle, but the *Gateway* facts differ markedly from the facts of *Briske, Dee* and the case at bar in that there appears in *Gateway* a substantial dispute as to the visibility of the obstruction. Plaintiff's citation of *Kinsch v. Di Vito Construction Co.* (1964), 54 Ill. App. 2d 149, 203 N.E.2d 621, presents a far different factual situation than in the case at bar. In *Kinsch*, "[t]he weather was foggy" and the " 'object loomed in front of' " the driver (54 Ill. App. 2d 149, 153), hardly the same as total and unexplained inattention. As we have determined in reliance on *Merlo, Briske* and *Dee* that defendant Zibert's negligence was the remote cause of plaintiff's injury, the circuit court's directed verdict is affirmed.

■ The circuit court also directed a verdict for the defendant, city of Peru. The allegation of negligence asserted against the defendant city, as set forth in the complaint, involves the failure "to maintain adequate and sufficient no-parking signs and markings" in the vicinity of the accident. We believe the same rationale applies to the negligence of the defendant city as applies to the negligence of the defendant Zibert. To the extent that the negligence of either contributed to the obstruction on U. S. Route 6, that obstruction was the remote cause of plaintiff's injury. For that reason the circuit court's directed verdict in favor of the defendant city is affirmed.

■ The plaintiff also urges that the jury verdict entered in his favor in the amount of $5,000 against defendant Mills is inadequate as a matter of law. It is, of course, hornbook law that "courts are reluctant to interfere with the discretion of the jury as to the amount of damages to be awarded, and ordinarily will not overturn the jury's findings for inadequacy of its award unless the award is palpably inadequate or against the manifest weight of the evidence." (15 Ill. L. & Prac. *Damages* §162 (1968).) Among the many factors which the reviewing court may consider when determining the adequacy of a verdict is the amount of out-of-pocket expenses. A personal injury verdict which is less than out-of-pocket expenses will not automatically be found inadequate; conversely, any verdict in excess of such expenses will not automatically be found adequate. Nevertheless, comparing out-of-pocket expenses to the actual verdict is one permissible guide in evaluating the adequacy of a verdict. (*Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94.) Plaintiff's out-of-pocket expenses

totalled $738.52, and he was awarded $5,000 by the La Salle County jury. We do not consider this amount inadequate in light of the decisions in *Frym v. Rovex Pharmacy, Inc.* (1973), 10 Ill. App. 3d 173, 294 N.E.2d 39; *Ryan v. Hoffman* (1972), 7 Ill. App. 3d 621, 288 N.E.2d 255; and *Robin v. Miller* (1978), 67 Ill. App. 3d 656, 384 N.E.2d 889. We are not persuaded by plaintiff's reference to *Kinsell v. Hawthorne* (1960), 27 Ill. App. 2d 314, 169 N.E.2d 678, wherein Justice Roeth began his opinion by observing that counsel for the defendant had conceded that the amount of the verdict was the result of a compromise on the question of liability. There is no such concession in the record before today's court. Nor are we persuaded by the citation to *First National Bank v. Szwankowski* (1969), 109 Ill. App. 2d 268, 248 N.E.2d 517, where the $17,000 out-of-pocket damages belie any comparability with the injury in the case at bar.

 The circuit court denied plaintiff's motion in limine to exclude all reference to plaintiff's consumption of intoxicants prior to the collision. The circuit court acted correctly. Plaintiff astutely observes that evidence of mere consumption standing alone is not admissible. Rather, there must be evidence of intoxication, *i.e.*, evidence of impaired behavior. (*Ballard v. Jones* (1974), 21 Ill. App. 3d 496, 316 N.E.2d 281; *Clay v. McCarthy* (1979), 73 Ill. App. 3d 462, 392 N.E.2d 693.) In the case at bar, however, plaintiff's motion would have excluded admissible evidence concerning the intoxication of defendant Mills. Where a motion to strike or exclude is too broadly drawn so as to reach proper evidence, the trial court is justified in denying same. (*Balfour v. Dohrn Transfer Co.* (1946), 328 Ill. App. 163, 65 N.E.2d 624.) Further, the broad relief sought by the motion in limine would have excluded evidence relevant to issues bearing on plaintiff's contributory negligence in encouraging the intoxication of defendant Mills. There was indeed evidence in the record that defendant Mills was suffering impairment of function as a result of his consumption of alcohol. Evidence of his intoxication bears on the issue of liability, and to the extent plaintiff's activities encouraged or procured that consumption, such activities bear on the issue of contributory negligence. Where inadmissible evidence of plaintiff's drinking is inextricably tied to admissible evidence of defendant's intoxication, it is within the discretion of the trial court to balance the prejudicial effect of admitting the challenged testimony against the inequitable result of excluding proper evidence. Certainly a limiting instruction to the jury could be considered, but where such an instruction is not requested any entitlement thereto is waived. (*Porro v. P. T. Ferro Construction Co.* (1979), 72 Ill. App. 3d 377, 390 N.E.2d 958; *Eizerman v. Behn* (1956), 9 Ill. App. 2d 263, 132 N.E.2d 788.) We find no error in the circuit court's denial of the motion in limine, particularly in light of the jury's verdict favorable to the plaintiff which beckons us to conclude that no prejudice resulted.

With regard to the final point raised by the plaintiff on appeal, we hold the circuit court correctly denied plaintiff's motion for directed verdict against defendant Mills. There existed at the close of the evidence a potential issue of contributory negligence, reported in the preceding paragraph of this opinion, such that the well-known test of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, was not met.

Based on the authorities hereinbefore cited, we affirm the decision previously reached by the La Salle County Circuit Court.

Affirmed.

ALLOY and BARRY, JJ., concur.