VERNON SINGER, Plaintiff-Appellant, v. KEITH SCHMUDDE *et al.*, Defendants-Appellees.

First District (3rd Division) No. 87—3158

Opinion filed August 17, 1988.—Rehearing denied September 27, 1988.

Ambrose & Cushing, P.C., of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Edward J. Murphy, and Lloyd E. Williams, Jr., of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Vernon Singer brought this action against defendants, Keith Schmudde and Julie Moisant, for personal injuries arising out of an automobile collision. A jury returned a verdict in favor of defendants, and the trial court entered judgment on the verdict. On appeal, plaintiff argues that the trial court should have directed a verdict for him based on a finding that defendants were negligent as a matter of law. Plaintiff further argues that the verdict of the jury is against the manifest weight of the evidence and that the court improperly allowed certain prejudicial testimony to be introduced.

The jury heard the following evidence. On October 2, 1980, at about 11:20 p.m., plaintiff was driving south on Roberts Road, a four-lane road with two traffic lanes in each direction separated by a center median, when he came upon an automobile, without lights, stalled in the left passing lane. Plaintiff applied the brakes to avoid an accident, but collided with the rear of the disabled car. The stalled automobile was owned by Moisant and was being driving by Schmudde. Schmudde had been working on the car since approximately 7:30 that evening and had replaced the alternator. It was later discovered that there was a short in the wire leading to the alternator, which caused the car to stall and extinguished all the lights. At the time the car stalled, Schmudde was attempting to drive it to a gas station for further service. The car had stalled on the road once before on the way to the gas station.

A friend of Schmudde's was following him to the gas station in a separate vehicle. When defendants' car stalled, Schmudde's friend drove around the car and pulled up with the front of his car facing the stalled car and was attempting to jump start the car. The lights of this other car silhouetted defendants' car. Schmudde testified that

prior to the accident, he walked north on Roberts Road from the rear of the car to warn oncoming traffic of the danger. He waived several cars around the stalled car. Schmudde walked back to his car when he did not see any more cars coming.

The police arrived after the accident, and Officer Michael Tardi interviewed both drivers. Schmudde stated he was stalled in the left lane without lights due to an electrical failure. Officer Tardi said that the lighting in the area was minimal. There was a street light approximately 150 feet north of the accident scene. Defendants' car was stopped just beyond the light cast from the street light. The posted speed limit was 35 miles per hour. Plaintiff testified that he was traveling about 30 to 35 miles per hour. There was a crest in the road about a half block north of the accident site and a driver north of the crest would not see a vehicle stopped at the site of the accident.

The police officer testified that the property damage was over $200 for each vehicle. After his investigation, the officer followed plaintiff home, because although his car was drivable, his headlights were out. Plaintiff told the officer he was not injured.

Plaintiff testified that his head, neck, shoulders and back hurt immediately after the accident. He did not report this to the officer because he was dazed and shook up. Plaintiff saw a doctor the day following the accident. The doctor found that plaintiff's head was swollen, he had a hematoma to both eyelids, tenderness, muscle spasm and limitation of movement to both the cervical and the lumbar spine. Following a week in the hospital, plaintiff was diagnosed as having a strain of the spine, narrowing of the disc spaces, and a brain concussion.

Plaintiff was off work as a garbage truck driver from the time of the accident until his doctor released him on December 17, 1980. Upon returning to work, plaintiff was able to drive the truck, although his back hurt by the end of the day. He wore a cervical collar and a back corset. His wife often had to help him with his shoes and he was not able to work around the house.

In September 1981, plaintiff was reassigned to residential pickup, which involved constant lifting of garbage cans. After one week, plaintiff became totally incapacitated for work. He spent 14 days in the hospital and was diagnosed as having damage to the articulating joints between the spinal column vertebra. This condition is difficult to treat, permanent, and may be disabling.

Plaintiff has not worked since September 28, 1981. Two doctors testified that his present condition was related to the auto accident. Plaintiff was unable to retrain himself for other work due to his in-

ability to sit for extended periods.

The jury found against plaintiff and for defendants in plaintiff's negligence action. The jury also found for Moisant on her counterclaim for property damage against plaintiff. On plaintiff's post-trial motion, the trial court entered judgment on the verdict on plaintiff's cause of action, but vacated the verdict on the counterclaim.

■ On appeal, plaintiff contends that the evidence established that Schmudde was negligent as a matter of law and thus the trial court erred in failing to direct a verdict in favor of plaintiff on this issue. Negligence may be decided as a matter of law where all reasonable men of fair understanding would agree in their deductions from the evidence that defendant was guilty of negligence in the operation of his vehicle at the time and place in question. (*Grass v. Hill* (1981), 94 Ill. App. 3d 709, 418 N.E.2d 1133.) A trial court may properly direct a verdict when the evidence, viewed in its aspects most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

■ Whether conduct is negligent is rarely decided as a matter of law. A determination of whether conduct is negligent is a composite of the experiences of the average person and thus is left to the jury for evaluation. (*Johnson v. Colley* (1986), 111 Ill. 2d 468, 490 N.E.2d 685, *cert. denied* (1986), 479 U.S. 830, 93 L. Ed. 2d 60, 107 S. Ct. 113.) Questions of negligence, due care, and proximate cause are questions of fact to be determined by a fact finder. *Malorney v. B & L Motor Freight, Inc.* (1986), 146 Ill. App. 3d 265, 496 N.E.2d 1086.

■ In *Grass v. Hill,* the case relied upon by plaintiff to support his theory that Schmudde was negligent as a matter of law, the evidence showed that the defendant passed three cars within 100 feet of an intersection in violation of a statute and struck the left-turning plaintiff traveling in the same direction. The court there found the defendant negligent as a matter of law. Plaintiff claims that in the present case, Schmudde was in violation of section 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 12—203), which states that "[d]uring the period from sunset to sunrise every motorcycle or motor vehicle which is standing on any highway shall display a parking light on the front and at the rear of the same." Thus, plaintiff argues that as in *Grass,* Schmudde was negligent as a matter of law. Violation of a statute or ordinance designed for safety or protection of life does not constitute negligence *per se* and evidence of negligence may be rebutted by proof that the defendant acted reasonably under the circumstances. Negligence results in liability only when in-

jury was proximately caused by the violation. *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.

■ We are not willing to determine negligence in the present case as a matter of law. This case presents questions of due care and proximate cause which could cause reasonable persons to arrive at different results and thus cannot be determined as a matter of law. The evidence established that defendants' car stalled due to an electrical shortage, causing all the lights to be extinguished and preventing the car from being moved. Several cars passed the stalled vehicle in the open right-hand lane before plaintiff collided with the stalled car. The jury heard evidence regarding the road and lighting conditions, and the conduct of Schmudde. Based on the evidence, different conclusions could be reached as to whether Schmudde acted reasonably or did all he could to prevent the accident. Therefore, the question of defendants' negligence was properly submitted to the jury for determination, and the trial court did not err in refusing to direct a verdict in favor of plaintiff.

■ Plaintiff also maintains that the jury verdict is against the manifest weight of the evidence. A jury verdict will not be disturbed unless it is palpably erroneous, the opposite verdict is clearly compelled, or the findings appear to be unreasonable, arbitrary, and not based on the evidence. (*Schaffner v. Chicago & North Western Transportation Co.* (1987), 161 Ill. App. 3d 742, 515 N.E.2d 298; *Raabe v. Maushak* (1977), 55 Ill. App. 3d 169, 371 N.E.2d 96.) It is the function of the jury to evaluate the weight of the evidence and assess the credibility of the witnesses. This court will not reevaluate the evidence and set aside a jury verdict merely because it could have reached a different conclusion. *Schaffner v. Chicago & North Western Transportation Co.* (1987), 161 Ill. App. 3d 742, 515 N.E.2d 298.

■ In the present case, there was sufficient evidence to support the jury's finding that defendants were not negligent. It was for the jury to decide whether the conduct of Schmudde in having the defective car on the road, as well as his conduct after the car stalled, was negligent in light of all evidence. We conclude that the jury verdict in favor of defendants was supported by the record and was not contrary to the manifest weight of the evidence.

■ Plaintiff also contends that it was error to submit the issue of contributory negligence to the jury as plaintiff was not negligent as a matter of law. Plaintiff cites *Johnson v. Colley* (1984), 128 Ill. App. 3d 849, 471 N.E.2d 587, in support of this contention. There, this court reversed the jury verdict finding the decedent 60% negligent. Plaintiff fails to note, however, that on appeal to the supreme court, it was

found that the jury verdict was neither erroneous as a matter of law nor contrary to the manifest weight of the evidence. (*Johnson v. Colley* (1986), 111 Ill. 2d 468, 490 N.E.2d. 685, *cert. denied* (1986), 479 U.S. 830, 93 L. Ed. 2d 60, 107 S. Ct. 113.) Furthermore, in the cases relied on by plaintiff, *Johnson v. Colley* and *Struthers v. Jack Baulos, Inc.* (1977), 52 Ill. App. 3d 823, 368 N.E.2d 148, both involving a collision with a stalled automobile, there was a greater question regarding visibility because of adverse weather conditions. In the present case, as in *Johnson,* the question of plaintiff's negligence, if any, is a question for the finder of fact. We see no error in having submitted this issue to the jury for determination and the decision of the jury is not against the manifest weight of the evidence.

■ Plaintiff further contends that the trial court made certain evidentiary errors which served to prejudice plaintiff's case before the jury. The trial court denied plaintiff's motion *in limine* seeking to exclude the testimony of Dr. John Gleason, who had examined plaintiff at the request of the defense, that he could not reach a conclusion on disability because plaintiff was "guarding," or, in other words, plaintiff was preventing the doctor from fully testing him. Plaintiff claims that by denying the motion *in limine*, plaintiff was effectively discredited and the doctor avoided cross-examination on the reasons for his facts, opinions, or methods. We find no legal basis on which to preclude Dr. Gleason from testifying. Any conclusion reached by the doctor regarding whether plaintiff was or was not cooperative in the examination was subject to cross-examination. We find no error in denying plaintiff's motion to exclude this testimony.

■ Plaintiff finally argues that the court improperly allowed the defense to question plaintiff about his signature on certain documents. Again, we find no error in the defense conduct. Defendants presented the evidence and any inferences to be drawn from the evidence was properly in the hands of the jury. We find no prejudicial evidentiary errors.

For the reasons stated, the judgment of the circuit court of Cook County in favor of defendants is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.