JAMES HAMILTON *et al.*, Plaintiffs-Appellants, v. STEVEN C. FINK, Defendant (Ronald J. Cole, Defendant-Appellee).

Third District   No. 3—89—0775

Opinion filed August 10, 1990.

Blanke, Norden, Barmann, Kramer & Bohlen, P.C., of Kankakee (Michael D. Kramer, of counsel), for appellants.

Ackman, Marek, Boyd & Simutis, of Kankakee (Robert W. Boyd and Randolph Spires, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Plaintiffs, James and Mary Hamilton, appeal from an order granting summary judgment in favor of defendant, Robert Cole. We reverse.

Plaintiffs filed a complaint seeking damages for injuries sustained on June 22, 1987, when their vehicle hit a vehicle driven by defendant, Steven Fink. Count I of plaintiffs' complaint was directed at Fink, whose disabled vehicle was stationary at the time of the collision. Count II was directed at Cole, whose tow truck had been struck by Fink's vehicle just prior to plaintiffs' collision. Cole filed a memorandum in support of motion for summary judgment on July 29, 1989. Following a September 11, 1989, hearing, the trial court issued a memorandum opinion granting summary judgment in favor of Cole. Plaintiffs appeal.

Deposition testimony and interrogatories reveal the following scenario. Cole, owner of an auto repair business, was summoned to a disabled car along Route 45 in Douglas Township just after midnight on the morning of June 22, 1987. He arrived at the scene with his tow truck and provided a jump start, at which time the disabled vehicle left. Cole remained on the edge of the roadway for a few minutes, and then prepared to drive back to his garage. As Cole waited to pull out into the southbound lane, several cars passed him going southbound before he noticed a red convertible approaching at high speed. The convertible, driven by defendant Fink, collided with the rear left side of Cole's truck, forcing Cole into the ditch, and coming to rest crosswise on the roadway. Plaintiffs, returning from a fair in Danforth, came upon the defendants' vehicles as they drove southbound on Route 45. Both plaintiffs indicated that they noticed a dark, black object in the west ditch, and that their attention was diverted. When they saw Fink's car in the road, it was too late to stop, and the collision ensued.

Police arriving on the scene took Fink's statement, in which he said he saw Cole's truck on the west side of the road, but swerved to avoid hitting a dog and hit Cole's truck. Donald Flett, an Illinois State trooper, gave deposition testimony that he issued Fink a ticket for exceeding the speed limit. Drag tests conducted by Trooper Flett at the scene indicated that Fink was traveling at approximately 71 miles per hour when he collided with Cole's truck. Trooper Flett's deposition also reveals that he found skid and gouge marks indicating that Cole's truck was facing southbound on the edge of Route 45, protruding approximately two feet onto the pavement at the time of impact. Fi-

nally, Flett stated that both James Hamilton and Fink had alcohol on their breath at the time he arrived at the scene. Fink was never served with process and remains unavailable for discovery or testimony.

Plaintiffs' action against Cole was premised on the theory that Cole's negligence in parking his truck on the roadway and failing to provide proper warning reflectors and lights to mark his truck resulted in Fink's hitting his truck and was a proximate cause of their collision with Fink. In its written opinion, the trial court ruled that summary judgment was appropriate because the conduct of Cole, viewed in a light most favorable to plaintiffs, cannot be deemed to be a proximate cause of the plaintiffs' injuries. The trial court reasoned that although parking a vehicle partially on a roadway is arguably negligent, any causal connection between Cole's negligence and plaintiffs' injuries was severed by the intervening conduct of Fink. The trial court emphasized that Cole is not required to foresee illegal and gross intervening conduct, such as Fink's excessive speed, nor is he required to anticipate the presence of a dog. Fink was the "intervening efficient cause which broke any original causal connection, if one existed, between Cole and [the] Hamiltons."

Plaintiffs raise issues on a number of factual disputes present in discovery. We find it necessary to address only one for purposes of this appeal. Plaintiffs maintain that facts exist which make the issue of whether Cole acted negligently and whether his negligence caused the collision with Fink, one for the jury to determine. A determination of whether conduct is negligent is a composite of the experiences of the average person and is left to the jury for evaluation. (*Singer v. Schmudde* (1988), 174 Ill. App. 3d 253.) Similarly, proximate cause is properly a matter for jury determination. (*Filipetto v. Village of Wilmette* (1985), 135 Ill. App. 3d 781.) An exception exists only when the facts are undisputed and there can be no difference in the minds of reasonable men as to the inference to be drawn therefrom. *Jeanguenat v. Zibert* (1979), 78 Ill. App. 3d 948.

Such is not the case here. A question remains regarding the placement of Cole's tow truck prior to the first collision between Cole and Fink. Evidence exists, in the form of State Trooper Flett's testimony, that Cole's truck was sitting approximately two feet on the pavement at the time of impact. This evidence belongs before a jury for a determination of Cole's negligence, if any, and its contribution as a proximate cause of the subsequent collision.

We cannot agree with the trial court's determination as a matter of law that Fink's conduct was an unforeseeable intervening

cause that broke any casual connection that might have existed between Cole and plaintiffs. The trial court based its reasoning on a number of assumptions, some of which should have been reserved for a jury. The question of whether or not Fink's intervening conduct, inattentiveness, an animal in the road, or excessive speed was within the range of Cole's reasonable anticipation is the type of factual question for a jury. While Fink may have been exceeding the speed limit, the intervention of even a criminal act does not necessarily break a causal chain. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74.) A question exists as to whether there was a break in any potential causal chain. Questions such as this, composed of qualities sufficient to cause reasonable minds to arrive at different results, inferences and conclusions, are not properly determined as a matter of law. *Green v. Welts* (1970), 130 Ill. App. 2d 600.

■■ ■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The traditional elements of a negligence action which a plaintiff must establish are a duty to exercise care, a breach of that duty, proximate cause and damages. (*McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732.) Application of these principles to the instant case reveals that there is, indeed, a genuine issue of material fact with respect to Cole's conduct. Evidence placing the tow truck two feet on the pavement before the first collision could be construed by reasonable minds as negligent conduct. Such conduct could be found to be a proximate cause of plaintiffs' injuries. This issue should be decided by a jury.

The judgment of the circuit court of Iroquois County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GORMAN and SCOTT, JJ., concur.